ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | CASE NO. |
| ) | |
| ) | |
| ) | |
| Susan E. Harriman ) | |
|         Plaintiff ) | **SUMMONS** |
| ) | |
| v ) | |
| ) | |
| Katherine A. Compton and ) | |
| Lewis, Brisbois, Bisgaard and ) | |
| Smith, LLP ) | |
|         Defendants ) | |

To: The Defendants above named:

     You are hereby summoned and required to answer the Complaint of the Plaintiff in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto on the undersigned at their offices located at 126 Meeting St., Charleston, S.C. 29401, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                  Blincow Griffin Law Firm

                                                  <u>s/John Blincow, Jr.</u>
                                                  John Blincow, Jr.
                                                  126 Meeting St.
                                                  Charleston, S.C. 29401

                                                  Oana D. Johnson
                                                  304 Meeting St. Suite 203
                                                  Charleston, S.C. 29401

Date: March 12, 2021                             *Attorneys for the Plaintiff*

ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO. |
| ) | |
| ) | |
| Susan E. Harriman ) | |
|     Plaintiff ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| v ) | |
| ) | |
| Katherine A. Compton and ) | |
| Lewis, Brisbois, Bisgaard and ) | |
| Smith, LLP ) | |
|     Defendants ) | |

The Plaintiff, Susan Harriman, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Susan Harriman, is currently a citizen and resident of Beaufort County, South Carolina. At all relevant times the Plaintiff was a citizen and resident of Charleston County, South Carolina.

2. The Defendant, Katherine Compton, Esquire, is a citizen and resident of Dallas, Texas and is an attorney licensed to practice law in the state of Texas. At all relevant times Ms. Compton was a shareholder in the law firm of Lewis, Brisbois, Bisgaard and Smith LLP.

3. The Defendant, Lewis, Brisbois, Bisgaard and Smith, LLP (Lewis Brisbois) is a limited liability partnership and a national law firm organized and existing under the laws of a state other than South Carolina and headquartered in Los Angeles, California. Upon information and belief, Lewis Brisbois conducts business in Charleston County, South Carolina. Lewis Brisbois holds itself out as competent to represent and does represent individuals from South Carolina who are sued in other states including Texas. Further, Lewis Brisbois represents that it has particular expertise in electronic discovery practice, including the ability to effectively manage costs for its clients, which has particular relevance to its representation of Ms. Harriman in the underlying matter.

4. The Plaintiff has complied with all conditions precedent and all provisions of SC Code Section 15-36-100 (2013). A copy of the affidavit of the Plaintiff's expert witness will be submitted with the Amended Complaint as provided for in SC Code Ann. § 15-36-100(C)(1).

5. That jurisdiction and venue are proper in this Court.

## FACTS RELATIVE TO THE UNDERLYING LITIGATION

6. The underlying litigation was protracted and contentious and involved multiple claims by multiple parties that were consolidated in state court in Dallas, Texas and ultimately resolved at a mediation.

7. At all times relevant hereto, Plaintiff, Susan Harriman, was a highly skilled and very successful registered representative, investment adviser and investment banker. While working for a group of clients, she became aware of certain facts that led her to believe that Julio Palmaz, Steven Solomon and Palmaz Scientific, Inc. (the Palmaz Defendants) were engaged in fraud related to soliciting investors for their business of manufacturing and selling medical stents and alerted some of her customers that were either Palmaz investors or potential Palmaz investors.

8. Several investors brought suit against the Palmaz Defendants in Dallas, Texas and alleged fraud and violations of the Texas Securities Act. (Mildred Ehrenberg et al v Palmaz Scientific Case No. DC-15-11994).

9. The Palmaz Defendants denied the allegations and further alleged that the lawsuit was based on false and disparaging information that was being spread by the Plaintiff.

10. The Palmaz Defendants filed suit against the Plaintiff in Federal District Court alleging tortious interference with contractual relations and business disparagement and sought damages for injury to the company. That case was dismissed on jurisdictional grounds.

11. Immediately after the dismissal of the federal suit Plaintiff brought suit for defamation against the Palmaz Defendants in state court. In that lawsuit, the Palmaz Defendants countersued Plaintiff and alleged the same or similar affirmative claims against the

2

Plaintiff that had been alleged against her in their earlier District Court case. (Harriman v Palmaz Case No. DC-15-12314).

12. Eventually the two state court cases were consolidated by Court Order on the basis that they involved common questions of law and fact.

13. At some point early in the litigation, Palmaz Scientific, Inc. filed for bankruptcy protection and a Trustee became involved. As the case progressed multiple other investors were added as Plaintiffs.

14. One of the entities Plaintiff was affiliated with was insured by Travelers Insurance Company under a Business Owners Liability Policy.

15. In February 2018 Travelers agreed to defend Plaintiff in the Palmaz suit under a reservation of rights and assigned the Defendants Katherine Compton and the Lewis, Brisbois law firm to represent the Plaintiff in connection with the claims that had been brought against her by the Palmaz Defendants. An attorney client relationship was created.

16. Early in the representation, the Palmaz Defendants sought a Temporary Restraining Order (TRO) and Temporary Injunction against the Plaintiff under the Texas Uniform Fraudulent Transfer Act (TUFTA).

17. Despite the fact that the damages the Palmaz Defendants claimed were unliquidated and based in tort and despite the fact that the Plaintiff had insurance, the Defendants advised the Plaintiff to agree to a TRO.

18. The Plaintiff was presented with a draft Consent Order that restrained her from selling any of her real property for a short period of time until an injunction hearing on the merits could be held. Based on the recommendation of her attorneys, the Plaintiff gave her approval to the proposed Order.

19. Lewis Brisbois instructed Plaintiff not to attend the hearing and to instead wait in the courthouse parking garage during the hearing.

20. Unbeknownst to the Plaintiff, but with the consent of the Defendants as her attorneys, the Order which was entered was materially different from the Order that she had agreed to. Among other things, the final Order prohibited not just on the sale of real property

ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186

but also included a freeze on all "other assets." This put the Plaintiff in an extremely difficult position financially.

21. Defendants did not provide Plaintiff with a copy of the Order after the hearing despite the oppressive character of the Order and the additional restraints against Plaintiff. Plaintiff learned of the content of the Order the following week via the online docket.

22. As a practical matter, the terms of the Order prevented the Plaintiff from paying her attorneys, the overhead expenses for her work as a registered representative, investment adviser and investment banker, and her basic living expenses including support for her three children who were attending college at the time. As a result, the relationship between the parties soured.

23. Eventually, The Court held a hearing on the merits of the Defendants' Temporary Injunction under the Texas statute that prohibits fraudulent transfers. In April, 2018, the Court denied the Temporary Injunction.

24. During the litigation certain written discovery was served on the Plaintiff by the Palmaz Defendants. In order to fully and completely respond, the Plaintiff, through her attorneys, turned her laptop computer and cell phone over to a forensic computer examiner retained by Defendants so all electronically stored information could be examined and all of the data could be compiled in such a way that it could be electronically searched. All of the Plaintiff's personal and business emails were contained on these devices.

25. The Defendants produced numerous documents. Among the documents that were produced was an email from the Plaintiff to Jerry Theos, an attorney in Charleston, South Carolina. In the email the Plaintiff sought representation and, at Mr. Theos' request, was providing a summary of issues involving her ex-fiance.

26. This document was initially identified in a privilege log. Despite that, in May 2018, the email was produced to the Palmaz Defendants.

27. The email was clearly protected from disclosure by the attorney client privilege.

28. The Palmaz Defendants contended, wrongfully, that the email was proof that the Plaintiff had sought to hide certain of her assets which could otherwise be used to satisfy a

ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186

Judgment in the event the Palmaz Defendants were successful in their claims against the Plaintiff.

29. The Palmaz Defendants used the dispute regarding the privileged email to distract the parties from their allegedly fraudulent behavior and to prevent the Plaintiff from pursuing her claims against them.

30. Based solely on this protected email, the Palmaz Defendants filed a Motion to Reconsider the Court's earlier decision denying a Temporary Injunction based on the fraudulent transfer statute.

31. At a hearing on the Motion to reconsider the Court indicated that it was "shocked" and deeply concerned by the contents of the email in relation to some earlier testimony by the Plaintiff. In fact, there was a truthful and benign explanation for the contents of the email. Defendant made no effort to provide context or present a defense at the hearing or articulate the explanation to the Court.

32. As a direct result of the privileged email being wrongfully produced, the entire posture of the Plaintiff's case drastically changed.

33. Thereafter, the Defendants and Travelers Insurance Company settled the claims brought by the Palmaz Defendants on the Plaintiff's behalf. A term of the settlement required the Plaintiff to abandon her valid claims against the Palmaz Defendants.

34. At all relevant times, the acts and omissions of Lewis Brisbois included the acts and omissions of its shareholders, agents, principles, employees, and servants, including but not limited to those by Ms. Compton. Pursuant to the principles of non-delegable duty, corporate liability, apparent authority, ostensible agency and respondeat superior, Lewis Brisbois is liable for the acts and omissions of Katherine Compton.

35. At all relevant times, Lewis Brisbois acted by and through its shareholders, agents, and principles, including but not limited to Ms. Compton, who acted within the course and scope of her employment or agency so as to make the Defendant law firm vicariously liable for the acts and omissions of Ms. Compton.

**FOR A FIRST CAUSE OF ACTION**
**(PROFESSIONAL NEGLIGENCE)**

ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186

36. The Plaintiff reiterates and re-alleges each of her previous allegations as if set forth fully herein.

37. The nature of the lawyer client relationship herein required, among other things, that the Defendants protect the Plaintiff's interests and defend the claims against its client with reasonable diligence.

38. By undertaking to represent the Plaintiff, the Defendants expressly and impliedly represented that they possessed the requisite degree of learning, skill, and ability necessary for the practice of the profession that other lawyers ordinarily possess and would exercise in their representation of the Plaintiff.

339 By virtue of the lawyer client relationship the Defendants owed certain duties of care to the Plaintiff including the duty to protect, preserve, and defend the Plaintiff's rights and interests to the same degree as would be exercised by reasonably competent lawyers under the same or similar circumstances.

40. That the Defendants deviated from the accepted standard of care in one or more of the following particulars:

   a) By voluntarily agreeing to an Order that was detrimental to the Plaintiff;

   b) By voluntarily agreeing to an Order that was materially different from the proposed Order that the Plaintiff had agreed to;

   c) By failing to properly review documents and information provided by Plaintiff to assure that no privilege applied prior to producing said evidence;

   d) By producing a document in discovery that was clearly protected from discovery by the attorney-client privilege;

   e) By not having proper safeguards and controls in place to prevent privileged information from being identified and protected during discovery;

   f) By failing to take reasonable steps to prevent the Plaintiff's affirmative claims from being compromised;

g) By doing things that required the client and her carrier to spend more money on legal fees and other expenses than she otherwise would have been required to spend;

h) By not adequately protecting the client's interests and in failing to take the appropriate steps so that the Plaintiff could pursue her claims in Court;

i) By not keeping the client and co-counsel properly informed regarding all matters concerning the case and by misleading the client in material ways with respect to their actions;

j) In such other particulars as will be established during discovery.

41. The Defendants conduct herein did not involve the exercise of her or its professional judgment, but is instead actionable and resulted from the Defendants' failure to exercise ordinary skill and knowledge.

42. The Defendants' failed to meet the minimum standard of care and thereby breached their duties to perform competent legal services for the Plaintiff and otherwise acted in a negligent, careless, reckless, willful, and wanton manner.

43. As a direct and proximate cause of the Defendants' actions the Plaintiff incurred actual damages, special damages, incidental damages, and punitive damages all in an amount to be proven at trial.

### FOR A SECOND CAUSE OF ACTION
### (BREACH OF FIDUICARY DUTIES)

44. The Plaintiff reiterates and re-alleges each of her previous allegations as if set forth fully herein.

45. At all relevant times, and by virtue of the attorney-client relationship herein, the Defendants owed certain fiduciary duties to the Plaintiff.

46. The Defendants' fiduciary duties included, but were not limited to, duties of competence and the highest duty of loyalty as well as a duty to act diligently and carefully to protect, preserve and advance the rights and interests of the Plaintiff.

7

ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186

47. The Defendants failed to meet the minimum standard of care and thereby breached their fiduciary duties to provide competent legal services to the Plaintiff.

48. As a direct and proximate cause of the Defendants' conduct and breach of their fiduciary duties, the Defendants have been unjustly enriched and the Plaintiff has sustained compensatory damages and punitive damages in an amount to be proven at trial. The Defendants should also be required to disgorge all fees and other benefits obtained from their relationship with the Plaintiff.

### FOR A THIRD CAUSE OF ACTION
### (BREACH OF CONTRACT)

49. The Plaintiff reiterates and re-alleges each of her previous allegations as if set forth fully herein.

50. The Defendant law firm contracted to provide competent legal services to defend the interests of the Plaintiff and not impair the Plaintiff's valid claims for damages.

51. The Plaintiff fulfilled all necessary terms and conditions of the contract with the Defendants.

52. The Defendant law firm breached its contract with the Plaintiff by failing to protect attorney-client information thereby causing the Plaintiff certain damages.

53. As a direct and proximate result of the Defendant law firm's breach of contract, the Plaintiff sustained actual damages in an amount to be proven at trial.

### EXPERT AFFIDAVIT

54. Pursuant to SC Code Ann. § 15-36-100(C)(1), because the Complaint is filed when there is a good faith basis to believe the expiration of the statute of limitations is imminent, it is filed without an affidavit by expert licensed by the Supreme Court of the State of South Carolina specifying at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit. Plaintiff intends

8

ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186

to file an Amended Complaint with an expert affidavit within forty-five (45) days as provided by the Statute.

WHEREFORE, the Plaintiff prays for judgment against the Defendants on each cause of action and for actual damages, special damages, incidental damages, and punitive damages and for such other relief as this Court deems appropriate.

s/John Blincow, Jr.
John K. Blincow, Esquire
Blincow Griffin Law Firm
126 Meeting Street
Charleston, SC 29401


Oana D. Johnson
304 Meeting St. Suite 203
Charleston, S.C. 29401

Date: March 12, 2021                    *Attorneys for the Plaintiff*

ELECTRONICALLY FILED - 2021 Mar 12 9:22 AM - CHARLESTON - COMMON PLEAS - CASE#2021CP1001186